I respectfully dissent from the decision of the majority.
Clearly, Officer Stose lacked probable cause of criminal conduct when he called out to defendant-appellant to come back and speak with him. However, "a police officer may in appropriate circumstances and an appropriate manner approach a person for purpose of investigating possibly criminal behavior even though there is no probable cause to make an arrest." Terry v. Ohio (1968), 392 U.S. 1, 22. Such circumstances exist when facts observed by the officer demonstrate "some nexus between the individual he detains and specific criminal conduct. Further, that basis must be articulated by the officer or hypothesized from the totality of the facts and circumstances before him." State v. Gonsior (1996),117 Ohio App.3d 481, 486-487.
Officer Stose testified that motel lots in the vicinity had become locations for criminal activity, including car thefts, prostitution, and drug trafficking. When he saw a group of people who had gathered in the Travel Lodge Motel lot at 2:46 a.m., Officer Stose reasonably suspected that criminal conduct was afoot. Therefore, he was permitted to briefly detain defendant-appellant Morris as he did in order to investigate that possibility. Terry, supra. The package of drugs which the detention produced was, then, not subject to suppression.
I would reverse and remand.